NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 14-4827
_____

UNITED STATES OF AMERICA,
                                          Appellant

v.

MARQUIS A. LOPEZ
_____

On Appeal from the United States District Court
for the District of Delaware
(D.C. No. 10-cr-00067-1)
District Judge:  Honorable Gregory M. Sleet
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
November 6, 2015

Before:  FUENTES, JORDAN, and VANASKIE, *Circuit Judges*.

(Filed: December 15, 2015)
_____

OPINION*
_____

JORDAN, *Circuit Judge*.

The government appeals from an order of the United States District Court for the

District of Delaware granting Marquis Lopez a new trial after his conviction for

---

* This disposition is not an opinion of the full court and, pursuant to I.O.P. 5.7,
does not constitute binding precedent.

possession with intent to distribute 100 grams or more of heroin and for two related firearm offenses. Before trial, the District Court had granted the government's *in limine* motion authorizing the admission into evidence of Lopez's 2001 state conviction for a similar offense, namely possession with intent to deliver heroin. In granting the government's multi-part motion, however, the Court focused on a different aspect of the motion – the question of whether certain surveillance evidence was admissible – and it provided no rationale for admitting the 2001 conviction. Thus, when it considered Lopez's request for a new trial, the Court concluded that the absence of any justification for the admission of the prior conviction warranted a new trial. We agree with the District Court's thoughtful analysis and will affirm.

## I.    BACKGROUND

On July 6, 2010, Lopez was charged in a three-count indictment with possession with intent to distribute 100 grams or more of heroin, possession of a firearm in furtherance of a drug trafficking crime, and being a felon in possession of a firearm. The charges stemmed from a traffic stop on Interstate 95, during which police officers found over 100 grams of heroin and a firearm in a hidden compartment under a rear seat in the car Lopez was driving. On March 14, 2014, following a five-day trial, a jury convicted Lopez of all three counts of the indictment. A central issue at trial was Lopez's knowledge that the drugs and gun were in the vehicle's hidden compartment at the time of arrest.

In the four years between charge and trial, a number of issues were litigated. Lopez filed multiple motions to suppress, all generally involving evidence about the

2

vehicle's whereabouts obtained using Global Positioning System ("GPS") technology. The government filed motions *in limine* dealing chiefly with the same issues. Due to the changing legal landscape related to GPS technology during that time, *see United States v. Jones*, 132 S. Ct. 945 (2012), the District Court issued multiple decisions on those motions.

In one of its *in limine* motions related to the GPS data, the government also sought, under Federal Rule of Evidence 404(b), to admit evidence of Lopez's 2001 Delaware Superior Court conviction for possession with intent to deliver heroin, as proof of knowledge and intent. The government argued that admission of the prior drug conviction would demonstrate Lopez's "familiarity with the subterfuge and concealment inherent in drug trafficking," making it less likely that he would be ignorant of the illicit contents of the hidden compartment in the car he was driving. (App. at 103.)

The District Court granted the government's motion in its entirety, but in its written opinion it addressed only the issues related to electronic surveillance and GPS technology. Later, noting the development of further case law on the subject, the Court ordered additional briefing and issued a second opinion granting the government's motion without any discussion of Lopez's 2001 conviction.[1] In short, the Court allowed the admission of Lopez's prior conviction but did not provide any rationale for doing so.

---

[1] The prior conviction was referenced in the concluding sentence of the District Court's first of the two orders granting the government's motion: "For the foregoing reasons, the court hereby denies Lopez's Second Motion to Suppress Evidence (D.I. 90) and grants the government's First Motion in Limine to Admit Evidence of Other Acts Pursuant to Federal Rule of Evidence 404(b) (D.I. 82)." (App. at 130.) In its second

Given the Court's ruling, the following stipulation was read into evidence at the conclusion of the government's case:

> The United States, by and through its attorneys, Charles M. Oberly, III, United States Attorney for the District of Delaware; and Shawn A. Weede, Assistant United States Attorney; John S. Malik, Esquire, attorney for the defendant; Marquis A. Lopez, and the defendant, Marquis A. Lopez, hereby stipulate and agree that, prior to the date alleged in Count 3 of the indictment (on or about June 3, 2010), the defendant, Marquis A. Lopez, was convicted of possession with intent to deliver a narcotic Schedule 1 controlled substance, to wit, heroin, on July 2nd, 2001, in Superior Court in and for New Castle County, Delaware, in ID No. IN0103007453, and Criminal Action No. 01-03-1534. This is a felony crime punishable by imprisonment for a term exceeding one year.

(App. at 411.)

At a sidebar conference immediately after the stipulation was read to the jury, the District Court indicated it was "shocked" at the nature of the stipulation. (App. at 412.) After a brief recess, the District Court again summoned counsel to sidebar and expressed its concern that the evidence could be seen as "propensity evidence" and that they have to "keep the playing field level here." (App. at 412.) After the government's attorney described the Court's prior ruling, the District Court asked him to "[r]emind me of the motion and the Court's ruling on that." (App. at 412.) The Court stated that it was "ex[e]rcised about it" and did not remember the ruling. (App. at 412.) The Court further indicated that it was "not sure that that was the correct ruling." (App. at 412.) In the Court's words: "I just cannot imagine what would be more vivid evidence of propensity, which is certainly not what you want this jury to base its conviction on." (App. at 412.)

order, the District Court used a verbatim concluding sentence in "reaffirm[ing]" its prior decision. (App. at 148.)

After further discussion, the Court noted that "there are legitimate reasons for the conviction to come in as articulated in the previous ruling," though, as stated, the previous ruling contained no such reasoning. (App. at 413.)

After the guilty verdict, Lopez filed a motion for new trial pursuant to Federal Rule of Criminal Procedure 33(a). He submitted that it was error for the Court to admit the evidence of his conviction without some indication in the record that the prior crime and the charged crime were "in any way factually similar." (App. at 39.) He argued that he "was unfairly prejudiced and denied his right to a fair trial" because of the admission of the conviction, "since it was likely that the jury used this evidence to conclude that he was a bad person with a propensity to commit crimes." (App. at 39.) In a supporting memorandum of law, Lopez discussed the District Court's failure to justify the admission of the conviction in either of its written opinions.

The District Court granted the motion. Setting aside the merits of whether the prior conviction should have been admitted into evidence, the Court acknowledged that it had "not provide[d] any supportive reasoning on the record for its [earlier] decision." (App. at 15.) It concluded that it had erred in assessing only the GPS evidence and ignoring the additional issues included in the government's motion *in limine*. The Court said that, "[i]n light of the lack of a record to support the court's Orders granting the government's motions it is necessary in the interest of justice that Lopez be granted a new trial." (App. at 15.) The Court elaborated on that reasoning in a later order addressing the government's motion for reconsideration. Responding to the government's contention that it need do nothing more than "adopt[] a provided rationale

5

offered by the government" (App. at 8), the Court concluded that, while that may be true, it simply had not done so. At no point had it actually indicated that it agreed with and adopted the government's rationale. (App. at 10.) After a "painstakingly comprehensive review" of the case file, the District Court concluded that it should grant Lopez a new trial. (App. at 7.)

The government then filed this timely appeal.

## II.    DISCUSSION[2]

Upon a defendant's motion, "the court may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). The determination of whether to grant a new trial is left to the discretion of the district court. *United States v. Cimera*, 459 F.3d 452, 458 (3d Cir. 2006). Therefore, we generally review a ruling on a motion for a new trial under the deferential "abuse of discretion" standard. *United States v. Brown*, 595 F.3d 498, 511 (3d Cir. 2010). "We have explained that a district court abuses its discretion if its decision rests upon a clearly erroneous finding of fact, an errant conclusion of law or an improper application of law to fact." *Id.* (internal quotation marks omitted). "[T]he district court's latitude on a new trial motion is broad when the reason for interfering with the jury verdict is a ruling on a matter that initially rested within the discretion of the court, *e.g.* evidentiary rulings … ." *Klein v. Hollings*, 992 F.2d 1285, 1289-90 (3d Cir. 1993).

---

[2] The District Court had jurisdiction under 18 U.S.C. § 3231. We exercise jurisdiction pursuant to 18 U.S.C. § 3731.

Federal Rule of Evidence 404(b) provides a general prohibition on character evidence and limits the permissible uses of such evidence:

> Evidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character. … This evidence may be admissible for another purpose, such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident.

In recognition of the fact that a jury might place undue weight on evidence of past wrongs, American courts have long excluded it. *United States v. Davis*, 726 F.3d 434, 440 (3d Cir. 2013). "The risk is that jurors will focus on evidence of prior acts, believing that someone with a criminal record cannot change and discounting any evidence to the contrary." *Id.* at 441. "The government knows this, and we do too. Although the government will hardly admit it, the reasons proffered to admit prior bad act evidence may often be potemkin village, because the motive, we suspect, is often mixed between an urge to show some other consequential fact as well as to impugn the defendant's character." *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992).

In light of the potential for prejudice that inheres in such evidence, and the mixed motives that can accompany a request for its admission, "we also require care and precision by the district court in ruling on the admission of prior act evidence for a non-propensity purpose." *United States v. Caldwell*, 760 F.3d 267, 277 (3d Cir. 2014). As relevant here, a district court must engage in a two-step analysis when considering whether to admit prior convictions under Rule 404(b). *Sampson*, 980 F.2d at 886. First, it must assess whether the conviction is logically relevant to one of the permissible

7

purposes identified by the rule. *Id.* Second, even if the prior conviction is relevant to such a purpose, a district court must then apply Federal Rule of Evidence 403 and assess whether "the probative value of the evidence outweighs its prejudicial effect." *Id.*[3]

At the first step of the analysis, the government must proffer some "logical chain of inferences" through which the prior conviction is relevant to one of Rule 404(b)'s permitted purposes. *Id*. at 888. The reasoning must come before, not after, the decision to admit the evidence. "The district court, if it admits the evidence, must in the first instance, rather than the appellate court in retrospect, articulate reasons why the evidence also goes to show something other than character. … The district court must put a chain of inferences into the record, none of which is the inference that the defendant has a propensity to commit this crime." *Id*. We have repeatedly emphasized the necessity of the district court placing its reasoning on the record, independent of the government's proffer. *United States v. Brown*, 765 F.3d 278, 294 (3d Cir. 2014); *United States v. Lopez*, 340 F.3d 169, 173 (3d Cir. 2003). "The reasoning should be detailed and on the record; a mere recitation of the purposes in Rule 404(b)(2) is insufficient." *Davis*, 726 F.3d at 442.

We need go no further. To state the governing rule is to resolve this case. As the District Court itself recognized, it did not articulate any reason why Lopez's prior conviction was admissible under Rule 404(b), nor did it in any way adopt the

---

[3] The district court also "must charge the jury to consider the other crimes evidence only for the limited purpose for which it is admitted." *United States v. Kellogg*, 510 F.3d 188, 199 n.10 (3d Cir. 2007). Here, the Court did provide a limiting instruction, admonishing the jury to consider the conviction only for the permissible purposes present in Rule 404(b) and not as propensity evidence.

8

government's proffered reasoning. It is not our role to supply a *post hoc* rationale for the admission of evidence where one is wanting. "[O]ur decisions are … emphatic in requiring the proponent *and the trial judge* to articulate, with precision, a chain of inferences that does not contain a propensity link." *Caldwell*, 760 F.3d at 277 (emphasis added). To its credit, the District Court recognized its error in failing to address the important issues presented by the admission of Lopez's prior conviction and acted well within its discretion in granting a new trial.

The government's argument to the contrary is primarily focused on the merits – that is, the contention that the 2001 conviction is admissible under Rule 404(b). *See United States v. Givan*, 320 F.3d 452, 461 (3d Cir. 2003) (discussing the relevance under Rule 404(b) of prior drug distribution offenses). That may be true, and the grant of a new trial does not foreclose that possibility. But we will not pass on that question before the District Court conducts its own analysis and places its reasoning on the record. We express no opinion as to the government's arguments on the merits of its *in limine* motion, which are properly addressed to the District Court in the first instance.[4]

---

[4] The government also argues that the District Court was without authority to grant a new trial because the issue was "not raised by the defendant" in his motion for new trial. (Opening Br. at 21.) That contention is unpersuasive. Lopez's motion for a new trial addressed a single issue – the admission of his 2001 conviction. Although he focused his argument on the merits of the decision to admit the conviction rather than the District Court's failure to justify its decision, he repeatedly referred to the Court's lack of support for its decision and cited our precedent establishing the proper two-step procedure for the admission of prior convictions under Rule 404(b). In his motion, Lopez emphasized that the Court had "generally granted" the government's *in limine* motion (App. at 37), and in a supporting memorandum of law, Lopez noted that the Court "did not provide analysis of the Court's decision granting the government's January 20, 2012 motion *in limine*." (App. at 46.) In his memorandum, Lopez further noted that the

9

**III.** **CONCLUSION**

For the foregoing reasons, we will affirm the District Court's order granting

Lopez's motion for a new trial.

---

Court's second opinion also "ordered the admission of Mr. Lopez's 2001 Delaware state felony drug conviction in conclusory fashion without a detailed analysis or specific rationale for the decision."  (App. at 47.)